IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MARK ANTONIO WILLIAMS, ADC # 141529                                               PLAINTIFF

v.                                        5:16CV00086-BRW-JJV

C. BUDNIK, Warden,
Varner Supermax; *et al.*                                                         DEFENDANTS

**ORDER**

Mark Antonio Williams ("Plaintiff") brings this action pro se and pursuant to section 1983. (Doc. No. 2.) He alleges Defendants C. Budnik and F. Washington[1], a warden and classification officer at the Varner Supermax Unit respectively, have violated his constitutional rights by declining to transfer him to another unit. (*Id*. at 4; Doc. No. 2 in case number 5:16cv87.) He claims inmates at the Varner Unit are aware he is incarcerated for a rape offense and this puts him in danger. After review of Plaintiff's allegations, I conclude he has failed to state any claim upon which relief may be granted. Rather than recommending immediate dismissal of this action, I will afford Plaintiff an opportunity to amend his Complaint.

It is settled law that prisoners have no right to incarceration in any particular prison. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). Moreover, Plaintiff has failed to sufficiently allege either Defendant has ignored a specific or actionable threat to his safety. He vaguely alleges that other, unspecified inmates are aware he was convicted of rape and some have threatened him on this account. (Doc. No. 2 at 4.) Plaintiff does not allege he has actually been injured, however. While it is true that a claimant may bring an Eighth Amendment claim for injunctive relief in order to

---

[1] Plaintiff originally brought his claims against these Defendants in separate suits. Given that his allegations against both stem from the same underlying claims, the Court elected to consolidate his allegation in this suit.

prevent future harm, *Farmer v. Brennan*, 511 U.S. 825, 845 (1994), Plaintiff has failed to allege that Defendants have ignored any specific threat which is likely to befall him in the future. If such a threat exists, Plaintiff may explain as much in his amended complaint - if he elects to file one.

As it stands, Plaintiff's Complaint fails to state a claim upon which relief may be granted. Plaintiff, if he chooses, may submit to the Court, within thirty (30) days of the entry date of this Order, a superseding Amended Complaint which contains all of his claims against all defendants he is suing in a single document. Plaintiff is cautioned that an Amended Complaint renders his original Complaint without legal effect. Only claims properly set out in the Amended Complaint will be allowed to proceed. Therefore, Plaintiff's Amended Complaint should 1) name all the parties he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named defendant in a simple, concise, and direct manner, including dates, times, and places, if applicable; 3) indicate whether he is suing each defendant in his/her individual or official capacity, or in both capacities; 4) how Plaintiff was harmed; and 5) state whether he was incarcerated at the time as a pretrial detainee.

IT IS, THEREFORE, ORDERED that:

1. The Clerk shall mail the 42 U.S.C. § 1983 complaint form to Plaintiff with this Order. If Plaintiff wishes to amend his Complaint, he may complete the new complaint form in its entirety in accordance with this Order, mark it as "Amended Complaint," and file it within thirty days of the date of this Order.

2. Plaintiff's Complaint, as it now stands, is deficient and may be dismissed after thirty days of the date of this Order.

DATED this 24th day of March, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE